IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COMMERCIAL BANK, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 06-1038-WEB |
| ) | |
| TIMOTHY ALAN HUNDLEY, ) | |
| PATRICIA LYNNE HUNDLEY, ) | |
| ) | |
| Appellees. ) | |
| ) | |

## Memorandum and Order

This matter is before the court on the appellees' motion to dismiss the above-entitled bankruptcy appeal. Appellees claim this court lacks jurisdiction over the appeal because the Notice of Appeal filed by appellant was defective. Commercial Bank argues the notice was sufficient to confer jurisdiction over its appeal. The court finds that oral argument would not assist in deciding the issues presented.

I. *Facts.*

1. This appeal was perfected on February 17, 2006, by a timely-filed Notice of Appeal. Simultaneously with the filing of the Notice of Appeal, appellant filed an election to have the appeal heard by this Court, rather than the Bankruptcy Appellate Panel.

2. The Notice of Appeal stated in part:

> J. Michael Morris and Sarah L. Newell, attorneys for Commercial Bank, appeal under 28 U.S.C. § 158(a) from the order of the bankruptcy judge determining violation of automatic stay and assessing sanctions pursuant to 11 U.S.C. § 362(h) entered in the above bankruptcy proceeding on the 7th day of February, 2006.

3. The Notice does not expressly state that Commercial Bank appeals from the bankruptcy court order.

4. The Notice of Appeal has never been modified or amended.

5. The time for Commercial Bank to file any other Notice of Appeal of the bankruptcy court's order has now expired. Bankr.R. 8002.

II. *Summary of Arguments.*

Appellees contend the notice of appeal was defective because it did not identify Commercial Bank as the party appealing the bankruptcy court's order. Rather, it stated that Mr. Morris and Ms. Newell, the attorneys for the bank, appeal from the order. Appellees argue the notice thus fails to adequately describe the appealing party and the district court lacks jurisdiction over Commercial Bank's appeal. *Citing Storage Tech. Corp. v. U.S. District Court for the Dist. of Colo.*, 934 F.2d 244 (10th Cir. 1991). Appellees contend the rules for filing a notice of appeal are mandatory and jurisdictional, and that Commercial Bank's failure to timely file a notice of appeal requires dismissal of the appeal as to the Bank.

In response, Commercial Bank argues dismissal is inappropriate because the purpose of Rule 8001(a) -- i.e., to provide notice to the court and the opposing parties of the identity of the appellants -- was satisfied by the notice of appeal. It notes that the Bank was explicitly identified by name in the notice, and it further argues there could have been no confusion about the identity of the appellant given that the Bank was the only other party involved in the contested matter of the debtors' motion for turnover of property and the bankruptcy court's order finding that the Bank violated the automatic stay. The Bank argues this circumstance is distinguishable from the *Storage Tech.* case, which involved a number of appellants who were identified only under the designation "et al." and "all the Defendants of record herein."

The Bank argues that its notice of appeal complied with every express requirement of Rule 8001, including that the notice must set forth the name of the appellant and its attorneys and the order appealed from.

III. *Discussion*.

Bankruptcy Rule 8001(a) provides in part:

> An appeal from a judgment, order or decree of a bankruptcy judge to a district court ... shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. * * *

Rule 8001(a) requires that a notice of appeal "conform substantially" to the official form -- in this instance Official Bankruptcy Form 17. Bankruptcy Form 17 includes a provision for identifying the party taking the appeal as follows: "_____, the plaintiff [*or* defendant *or* other party] appeals ... from the judgment...." It also contains a suggested format for identifying the bankruptcy order appealed from, the names of all parties to the order, and the names, addresses and telephone numbers of their respective attorneys. The notice of appeal filed here conforms in nearly all respects to the suggested format of Official Form 17 except for the provision identifying the party taking the appeal. Instead of stating that "Commercial Bank appeals," the notice stated that "J. Michael Morris and Sarah L. Newell, attorneys for Commercial Bank, appeal...." Standing alone, this might create ambiguity as to whether it is the Bank or the attorneys who are taking the appeal. But the notice otherwise identifies Commercial Bank as the appellant. For example, the notice identifies Mr. Morris and Ms. Newell only as the "Attorneys for

3

Commercial Bank," thus indicating they are acting in a representative capacity. As a practical matter, an attorney normally would not have standing to file an appeal on his or her own behalf absent an order directly affecting the attorney's interest, and there was no such order here. The order appealed from imposed sanctions on Commercial Bank for violating the automatic stay. *Cf. Concorde Resources v. Woosley (In re Woosley)*, 855 F.2d 687, 688 (10th Cir. 1988) (although a nonparty does not ordinarily have standing to appeal, the rule is altered where an attorney is held in contempt). *See also Miltier v. Downes*, 935 F.2d 660, 663, n.1 (4th Cir. 1991) (where district court imposed sanctions on plaintiff's attorney, a notice of appeal designating the plaintiff rather than the attorney as the appellant satisfied Rule 3(c); no risk of ambiguity because only one party -- plaintiff's counsel -- was entitled to appeal the order). Also, Commercial Bank is listed in the portion of the notice identifying the parties to the order and their attorneys. And just below a section again identifying Mr. Morris and Ms. Newell as the "Attorneys for Commercial Bank," the signature line describes these same two individuals as the "Attorneys for Appellant." Taken as a whole, the notice of appeal adequately identifies the party taking the appeal, and in doing so conforms substantially to the official form and its purposes. *Cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315-16 (1988) ("Permitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold.").

The court is not persuaded that *Storage Technology Corp.*, supra, requires a different conclusion. In *Storage Technology*, a group of sixty-eight defendants filed a notice of appeal which identified the appellants only as "Comite Pro Rescate, et al." The Tenth Circuit panel concluded that this designation failed to comply with Rule 8001's requirement that the notice of appeal must name all of the parties to the judgment appealed from. In doing so the court relied extensively upon cases resulting from *Torres v.*

4

*Oakland Scavenger Corp.*, which addressed the former requirement of Federal Rule of Appellate Procedure 3(c) that a notice of appeal "shall specify the party or parties taking the appeal." The *Storage Technology* panel indicated that this line of cases was applicable to bankruptcy matters and required that "every appealing party must be specifically named in the notice of appeal or in a functionally equivalent document properly listing the appealing parties and filed within the appeal period." *Storage Technology Corp.*, 934 F.2d at 248.[1] *Cf. Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1021 (5th Cir. 1991) (Rule 8001 lacks the specificity requirement of Rule 3(c); notice satisfied Rule 8001 although attorney failed to designate himself as an appellant). Even assuming the altered landscape of Rule 3(c) has not eroded the foundation of *Storage Technology,* that case bears no similarity to the instant case and does not require dismissal of Commercial Bank's appeal. Unlike *Storage Technology*, the party seeking to appeal here (Commercial Bank) was specifically named in the notice of appeal, and its status as an appellant was indicated within the notice. The court finds the notice of appeal is sufficient to confer jurisdiction over Commercial Bank's appeal.

---

[1] Fed.R.App. 3(c) was amended in 1993 to provide that "an attorney representing more than one party may describe those parties with such terms as 'all plaintiffs,' 'the defendants,' the plaintiffs A, B, et al.,' or 'all defendants except X.'" This amendment was intended to allow an attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually. "The test established by the rule for determining whether such designations are sufficient is whether it is objectively clear that a party intended to appeal." Fed.R.App. 3, Advisory Committee Notes (1993 Amendments).

IV.  *Conclusion*.

Appellees Timothy and Patricia Hundley's Motion to Dismiss for Lack of Jurisdiction (Doc. 3) is DENIED.  IT IS SO ORDERED this  13th  Day of July, 2006, at Wichita, Ks.

                                                       s/Wesley E. Brown
                                                       Wesley E. Brown
                                                       U.S. Senior District Judge